USCA1 Opinion

 

 August 9, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1960 UNITED STATES, Appellee, v. PETER M. CUMMING, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ Peter Clifford on brief for appellant. ______________ Peter M. Cumming on brief pro se. ________________ ____________________ ____________________ Per Curiam. Peter M. Cumming, a federal prisoner, __________ appeals his conviction and sentence following a guilty plea to eight counts of unlawful importation into the United States of the controlled substances diazepam and codeine phosphate on various dates in April and May of 1989. 21 U.S.C. 952(a) and 952(b). The sentence imposed was 78 months' imprisonment (the lowest level of the guideline range), four years of supervised release, no fine, and a felony assessment of $400. Cumming's court-appointed counsel has filed a renewed motion to withdraw1 and briefs pursuant to Anders v. California, 386 U.S. 738 (1967), raising three ______ __________ potential grounds for relief, but concluding that none are meritorious and requesting that the appeal be dismissed as frivolous. Cumming has filed a supplemental pro se brief and ___ __ two addenda raising additional issues. Our independent review of these filings and the record, which is now complete, fails to reveal any appellate issues of arguable merit. Cumming was in the "business" of importing into the United States large quantities of diazepam (valium) and codeine phosphate from a supplier in England. Arrested there by Scotland Yard in April 1990, Cumming pleaded guilty to various counts charging him with assisting in or inducing the ____________________ 1. Counsel's previous withdrawal motion was denied pending review of the change-of-plea and sentencing transcripts. -2- unlawful supply of controlled drugs, an offense punishable under United States law, and received two concurrent three and six-year sentences. Released from British custody in February 1993, Cumming returned to this country and was promptly arrested by DEA agents pursuant to a June 1990 109- count indictment charging him with unlawful importation of controlled substances into the United States. At sentencing on August 20, 1993, Cumming made an oral motion for dismissal based on double jeopardy grounds. He contended that the British indictment and the United States indictment charged him with crimes involving illegal importation of the same drugs and that he had already served almost three years in the British prison system for what he characterized as the same offenses. Second, Cumming maintained that his arrest was illegal under 18 U.S.C. 41112 because of that foreign conviction. He conceded, however, that although he had been approved for a 4111 transfer, he had opted out because of the length of time he would have had to serve after the transfer. Finally, Cumming ____________________ 2. Section 4111 governs treatment of persons transferred to the United States after a foreign conviction and provides in part that: An offender transferred to the United States shall not be detained, prosecuted, tried, or sentenced by the United States, or any State thereof for any offense the prosecution of which would have been barred if the sentence upon which the transfer was based had been by a court of the jurisdiction seeking to prosecute the transferred offender, . . . -3- asked to be given credit for 34 months in British custody. The district court denied Cumming's motion for dismissal. Counsel identifies three possible grounds for appeal: (a) double jeopardy and dual sovereignty issues arising out of the prosecutions in England, (b) defects in the change-of-plea proceeding, and (c) sentencing violations. Cumming's pro se brief essentially reiterates the arguments ___ __ made at sentencing. (a) Assuming that the British and United States convictions involve the same narcotics importation scheme and the same offenses under Blockburger v. United States, 284 ___________ ______________ U.S. 299, 304 (1932), it is well settled that successive prosecutions by two sovereigns for the same conduct are not barred by the double jeopardy clause of the Fifth Amendment. Heath v. Alabama, 474 U.S. 82, 88 (1985); United States v. A _____ _______ _____________ _ Parcel of Land with A Building Located Thereon, 884 F.2d 41, _______________________________________________ 43 (1st Cir. 1989). Nor does 18 U.S.C. 4111 afford Cumming any relief. Its protections can only be invoked if a defendant is transferred to the United States "for the purpose of execution in one country of a sentence imposed by the courts of another country." 18 U.S.C. 4101(j). Cumming does not (nor could he) claim that he was actually transferred in order to complete the execution of his foreign sentence, since that sentence was fully discharged in England. -4- (b) Our review of the change-of-plea colloquy clearly shows that Cumming's guilty plea was knowingly and voluntarily made. See Boykin v. Alabama, 395 U.S. 238, 242 ___ ______ _______ (1969). The factual basis of the plea was undisputed and, in response to the court's inquiries, Cumming stated that he understood the rights relinquished by his plea change and the concomitant sentencing exposure. (c) Moreover, we perceive no apparent error in the district court's sentencing procedures or calculations. We observe that insofar as Cumming simply seeks federal credit for the time spent in British custody, a request for credit for prior custody under 18 U.S.C. 3585(b)(2) must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing. United ______ States v. Wilson, 112 S. Ct. 1351, 1354 (1992) ("[Section] ______ ______ 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing."). Once administrative remedies are exhausted, see 28 C.F.R. ___ 542.10-542.16, prisoners may then seek judicial review of any jail-time credit determination, Wilson, 112 S. Ct. at 1355, ______ by filing a habeas petition under 28 U.S.C. 2241. Koray v. _____ Sizer, 21 F.3d 558, 559 (3d Cir. 1994); McClain v. Bureau of _____ _______ _________ Prisons, 9 F.3d 503, 505 (6th Cir. 1993). _______ To the extent that Cumming's request for credit was a request for a downward departure under U.S.S.G. 5K2.0 -- -5- i.e., that the prior foreign custody could properly be ____ considered a mitigating factor -- and assuming that Cumming contends that a mistake of law was made, the district court correctly found no reason to depart. Under Wilson, the ______ authority vested in the Attorney General to compute prior jail-time credit cannot be circumvented by allowing a downward departure under U.S.S.G. 5K2.0, absent exceptional circumstances not present here. United States v. Daggao, _____________ ______ ___ F.3d , No. 93-10321, (9th Cir. Jul. 1, 1994), 1994 WL _____ 288129. The caselaw is otherwise clear that Cumming's credit request was not a proper sentencing factor and thus was not yet ripe for review. See Martinez v. United States, 19 F.3d ___ ________ ______________ 97, 99 (2d Cir. 1994); United States v. Huss, 7 F.3d 1444, ______________ ____ 1448-49 (9th Cir. 1993); United States v. Brann, 990 F.2d 98, _____________ _____ 103-04 (3d Cir. 1993); see also United States v. Moore, 978 ___ ____ _____________ _____ F.2d 1029, 1030-31 (8th Cir. 1992). In accordance with the dictates of Anders, 386 U.S. ______ at 744, counsel adequately conveyed the potential conceivable issues for appeal and concluded that no arguable error exists. Careful review confirms that no arguably meritorious issues are raised by this appeal. Id. Appellant's motion to ___ consider pro se supplemental briefs is granted. All other ___ __ _______ pending motions by appellant are denied. ______ The judgment of the district court is summarily affirmed under Loc. R. 27.1. ________ -6-